UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02318-CMA-KMT

---

AUTO-OWNERS INSURANCE COMPANY,
a Michigan corporation,

Plaintiff,

v.

JENNIFER CSASZAR, a Colorado individual

Defendant.

---

## AGREED PROTECTIVE ORDER

In this action, Defendant has sought and/is seeking production of documents from the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), documents which Auto-Owners claims as being confidential and containing proprietary information and trade secrets of Auto-Owners. Auto-Owners seeks to protect documents set forth in its Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant, including Auto-Owners' underwriting materials, (collectively referred to as "Underwriting Materials"). Auto-Owners has agreed to produce its Underwriting Materials as it pertains to Auto-Owners' underwriting conducted for auto policies in the State of Colorado, and subject to the entry of a Protective Order.

Auto-Owners has taken the position in this lawsuit that the exclusion for the Defendant was issued pursuant to its underwriting rules, which makes the Underwriting Materials relevant, and their disclosure is proportional to the needs of the case.



EXHIBIT
A

1

The Court HEREBY FINDS, that protective orders must at times be entered to protect parties from oppressive, embarrassing, or unduly burdensome discovery, or to protect confidential and proprietary information, pursuant to Fed.R.Civ.P. 26(c)(1)(G).   IT IS THEREFORE ORDERED, that this Protective Order shall be ENTERED, and that the Underwriting Materials (also referred to herein as, "Confidential Information") to be produced in this case are, and shall be, presumed to be confidential. The Confidential Information may only be disclosed to the following persons, and only for the purposes of this action:

    a.    This Court, including Court personnel, court reporters and persons operating video recording equipment at depositions in this action;

    b.    Counsel who have appeared of record for a party in this action and partners, associates, legal assistants or other employees of such counsel assisting in the prosecution or defense of this action;

    c.    Persons retained by the parties or their attorneys to assist in the prosecution or defense of this action (including consultants or expert witnesses and third-party vendors and their employees retained by the parties or counsel who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data);

    d.    Witnesses or potential witnesses in this action; and

    e.    The parties in this action, which, for purposes of this order, includes officers, directors, and employees.

The Confidential Information provided by the parties shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.  The Confidential Information shall not, and may not, be produced to any person, firm, or entity not directly involved in this action as a witness, expert, party, or attorney, whether during or after the conclusion of this action.  The prohibition on disclosure in this Order is

2

specifically meant to extend to any member of, listserv for, e-mail distribution list, or other form of communication related to the Colorado Trial Lawyers Association or similar local and/or national associations and any of their respective members.

Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

      a.    By imprinting the word "Confidential - Subject to Protective Order-15-cv-02318-CMA-KMT" on the lower right or left corner of the first page or cover of any document produced.  The imprinting shall not obscure the contents of any document, but can serve as a watermark.

      b.    By imprinting the word "Confidential - Subject to Protective Order-15-cv-02318-CMA-KMT" next to or above any response to a discovery request.

The designation of Underwriting Materials as Confidential Information shall be made in good faith by counsel making the designation.  If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may notify the Court of the need for a conference to determine whether a disclosure order is appropriate.  Any request to the Court for such a conference shall be made within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to be treated as Confidential Information from the time it is produced until the ruling by the Court on the motion.  To the extent the documents at issue are not Confidential Information as described in this Order, the burden remains on the party withholding disclosure to show good cause for the nondisclosure, consistent with Fed.R.Civ.P. 26 and applicable case law.

This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed under seal, according to procedures set forth by the Court's filing system.

Individuals authorized to review Confidential Information pursuant to this Protective Order, including, but not limited to, the parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either orally or in writing, to any other person, entity or governmental agency unless authorized to do so by this Protective Order or other Court Order.

Defendant's counsel, if they disclose the Confidential Information to the persons designated herein, shall take steps reasonable and appropriate to ensure compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed, shall obtain from the party asserting confidentiality, a form acknowledgement (in the form attached herein as **Exhibit A**) to be signed by qualified recipients of the Confidential Information, each agreeing to abide by the terms herein, and counsel shall maintain a list of all persons to whom the Confidential Information is disclosed.  Counsel will maintain the signed acknowledgements.  All such acknowledgements shall be retained by counsel and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

No copies of the Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case. Any such copies shall be made and used solely for the purposes of this litigation.

During pendency of this litigation, the party's counsel and expert witnesses/consultants retained by the party's counsel shall retain custody of the Confidential Information and copies made there from, pursuant to the terms of this Order.

Any pleadings or briefs filed by the parties that either quote or discuss the contents of the Confidential Information shall be filed under seal and shall comply with the requirements under D.C.COLO.LCivR 7.2. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

The termination of this action shall not relieve counsel or other the other designated persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claims or defenses in this action.

Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, or copies made therefrom.  At that time, counsel shall also serve to the producing party or its counsel the list of individuals who have received Confidential Information, which counsel shall have maintained pursuant to this Order, and all persons in receipt of such Confidential Information, including but not limited to experts, shall return the Confidential Information to the producing party or its counsel.

As it relates to a procedure for the clawback of inadvertently disclosed materials that should have been designated as Confidential Information and/or that is subject to a claim of privilege or work product, the parties shall comply with the procedure set forth in Fed.R.Civ.P. 26(b)(5)(B) and Fed.R.Evid. 502(b).

Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

SO ORDERED this ___5th___ day of __April_____, 2016.

BY THE COURT:

_____
U.S. District Court Judge
Kathleen M. Tafoya
United States Magistrate Judge

6

## EXHIBIT A TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02318-CMA-KMT

AUTO-OWNERS INSURANCE COMPANY,
a Michigan corporation,

Plaintiff,

v.

JENNIFER CSASZAR, a Colorado individual

Defendant.

## ACKNOWLEDGEMENT OF CONFIDENTIAL INFORMATION RECEIVED UNDER PROTECTIVE ORDER

I, _____, acknowledge that I have received materials in the above-referenced case that are deemed as Confidential Information pursuant to the Protective Order entered in the above-referenced case.  I have received and reviewed the Court's Protective Order, and I agree to abide by all of the terms of the Protective Order in all of my and my company's handling and treatment of the Confidential Information received.

Acknowledged this _____ day of _____, 2016

_____
Recipient Name

_____
Company Name